UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT DANIEL HOPPER a/k/a VINCENT DANIEL HOPPER MARKS a/k/a ANTOLIN ANDREW MARKS a/k/a WAYNE RUDDER,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIL CLARK, *et al.*,<br><br>    Defendants. | Case No. C06-5282 RBL/KLS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion to compel. (Dkt. # 29). After careful review of Plaintiff's motion, Defendants' response (Dkt. # 38), and Plaintiff's reply (Dkt. # 39), the Court finds that the motion to compel should be granted in part and denied in part.

**I. DISCUSSION**

    Plaintiff is an immigration detainee at the Northwest Detention Center ("NWDC"). Defendants are employees of the NWDC, which, under contract with the Federal Bureau of Immigration and Customs Enforcement ("BICE"), is owned and operated by The Geo Group Inc.

ORDER - 1

("GEO"). On July 5, 2006, Plaintiff filed this lawsuit asserting claims against three BICE Defendants and against the seven GEO Defendants, all of whom are or were detention officers at NWDC.[1]

Plaintiff alleges that Defendants Singleton and Riley violated his due process rights by changing his custody level from blue to orange and moving the location where he was housed. Plaintiff claims this was done in retaliation because he assisted other detainees with their court actions and for pursuing his own court actions. (Dkt. # 5 at 5-6, 19-20). Plaintiff also alleges that Defendants De Guia, Hawkins, Thomas, Hansen, and Blunck failed to pay him for work he performed. (*Id*. at 5,22-23).

**A.     Discovery Sought To Be Compelled**

Plaintiff seeks the production of: (1) every memorandum written by anyone working at the NWDC that mentions any one of six of Plaintiff's aliases (RFP 1): (2) every document in his custody file (RFP 2); and (3) every "e-mail, written document" transmitted to the BICE that references any one of six of Plaintiff's aliases (RFP 5). Defendants maintain that any responsive documents relating to Plaintiff's classification and nonpayment claims would be contained in his detainee file and that Plaintiff is in possession of all such documents (with the exception of one document, which Defendants provided with the filing of their response). (Dkt. # 37 at § 2).

Plaintiff also complains that he is not satisfied with the responses of Defendants Singleton and Riley to Plaintiff's interrogatories. Defendants did not provide answers to interrogatories requesting information as to their employment and education background. And, in response to several

---

[1] Plaintiff alleged that the BICE Defendants improperly confiscated a birth certificate Plaintiff received in the mail at the NWDC and wrongfully processed Plaintiff's transfer pursuant to a probation violation warrant issued by the State of California. Plaintiff's claims against the BICE Defendants were dismissed on January 23, 2007.

ORDER - 2

questions relating to his reclassification claim, Defendants responded only that "it depends."

Additionally, Plaintiff complains that the discovery responses were not properly verified. Defendants respond that they already verified the accuracy of their responses, but with their responses now provide additional verifications under oath.

Finally, Plaintiff seeks to have the number of interrogatories that he may propound upon GEO Defendants Singleton and Riley expanded. Defendants oppose such a request, stating that Plaintiff has served sufficient interrogatories on the issue of reclassification and has had the issue adequately explained to him.

**B.    Standard of Review**

A party may obtain discovery of relevant information. Fed. R. Civ. P. 26(b)(1). Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  However, the Court may deny discovery of relevant information if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). In determining the likely benefit the Court may consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

**C.    Plaintiff's Motion to Compel Documents**

   **(1)    Production of Documents**

Plaintiff claims that he must have his entire custody file held by Defendants in order to refute the evidence Defendants have submitted in support of their pending motion to dismiss. Defendants state that all documents responsive to Plaintiff's requests relating to his reclassification and nonpayment claims are contained in Plaintiff's detainee file and that file has been provided to him. (Dkt. # 38, # 37, ¶ 2). Accordingly, Plaintiff's motion to compel shall be denied. Although Plaintiff

ORDER - 3

1  insists that Defendants have perjured themselves and continue to withhold documents from him,
2  Defendants are representing to this Court that they have provided Plaintiff with all documents
3  responsive to his requests.  Therefore, if it were later discovered that any information was withheld,
4  Defendants may be subject to any sanction that the Court may deem appropriate.

### (2) Sufficiency of Answers to Interrogatory Answers

Plaintiff propounded interrogatories to Defendants Singleton and Riley in which he requested the employment background and information regarding their education, degrees, certificates and special studies. (Dkt. 29, Exh. B, Interogatorries 3 and 4; Exh. D, Interrogatories 1 and 2). Plaintiff argues that this information is relevant as these Defendants were involved in his reclassification and the questions are relevant to whether they were qualified to make any assessment of Plaintiff and to move his custody to a higher level.  Defendants objected to these interrogatories on the grounds that they were overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.

Plaintiff is entitled to the discovery of admissible evidence or information that is reasonably likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Plaintiff claims that he was wrongfully reclassified and Defendants Singleton and Riley were involved in that reclassification process.  As such, their backgrounds and qualifications are relevant areas of inquiry and Defendants shall provide answers to Plaintiff's interrogatories within ten (10) days of this Order.

Plaintiff also propounded a number of interrogatories to Defendants Singleton and Riley in which he posed several questions, to which Defendants answered only "it depends." (Dkt. # 29, Exh. B, Interrogatories 19, 20, 21, 22, 24, 25 and Exh. D, 17, 18, 19, 20, 21, 23 and 24). Defendants did not object to the interrogatories but state merely that the interrogatories:

> relate to Plaintiff's reclassification claim, and Singleton and Riley answered appropriately by noting that the answer would depend on the circumstances.  Further, Plaintiff has the detainee handbook information explaining how the classification was

ORDER - 4

done and Plaintiff was properly reclassified per the policy.

(Dkt. # 38).

Defendants did not respond appropriately. Plaintiff is entitled to complete, good faith answers to the interrogatories posed and Defendants shall provide more complete answers to Plaintiff within ten (10) days of this Order.

### (3)     Exceeding Number of Interrogatories Under Rule 33(a)

Fed. R. Civ. P. 33(a) provides that without leave of court, the number of interrogatories that any party may serve upon any other party may not exceed "25 in number including all discrete subparts." Plaintiff does not explain what additional information he seeks from the Defendants that would require written interrogatories in excess of those allowed under the Rules, except to state that he is limited to the use of interrogatories and requests for admission for discovery purposes. Although leave to serve additional interrogatories may be granted, Rule 26(b)(2) provides that the "frequency or extent of use of the discovery methods otherwise permitted shall be limited by the court if it determines that "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2).

Plaintiff has propounded 175 interrogatories to date and has been provided with his file information and the detainee reclassification policy. Therefore, the Court finds that Plaintiff has had ample opportunity to obtain the information sought.

Accordingly, Plaintiff's motion to compel (Dkt. # 29) is **GRANTED** in part with regard to the answers to interrogatories as set forth above. Defendants shall provide the answers to interrogatories within ten (10) days of the date of this Order. Plaintiff's motion to compel (Dkt. #29) is **DENIED** as to all remaining requests. The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

ORDER - 5

1    DATED this  11th  day of May, 2007.

				Karen L. Strombom
				United States Magistrate Judge

26  ORDER - 6